## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| WILLIAM F. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:20-cv-403–HEH |
| | ) |
| RALPH S. NORTHAM, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION
**(Denying Plaintiff's Motion for Preliminary Injunctive Relief as Moot and Dismissing Plaintiff's Complaint)**

This matter is before the Court on William F. Davis' (*pro se* "Plaintiff") Motion for Emergency Injunction, which this Court construes as a request for a preliminary injunction, filed on July 17, 2020 (ECF No. 12). In his Amended Complaint, filed on July 7, 2020 (Am. Compl., ECF No. 10), Plaintiff seeks to enjoin the Governor of Virginia, Ralph S. Northam ("Defendant"), from removing the statue of Robert E. Lee on Monument Avenue in Richmond, Virginia. Plaintiff further seeks a federally mandated directive for the statue to be cleaned.

Throughout the pendency of Plaintiff's lawsuit, however, an injunction issued by the Richmond City Circuit Court has prevented the removal of the Robert E. Lee statue. *See Gregory v. Northam*, CL20-2441. Plaintiff's Motion therefore seeks preliminary injunctive relief from this Court in the event that the current injunction is withdrawn by the Richmond City Circuit Court following the hearing on Thursday, July 23, 2020, at

2:45 p.m. (Pl.'s Mot. at 1, ECF No. 12.) Thus, this Court ordered Defendant to respond to Plaintiff's Motion by July 22, 2020, so that it could issue a timely ruling.

Article III of the Constitution limits the exercise of judicial power to "cases" and "controversies." *Summers v. Earth Island Inst.*, 555 U.S. 488, 492–93 (2009) (Scalia, J.). "This limitation 'is founded in concern about the proper—and properly limited—role of the courts in a democratic society.'" *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). The doctrine of standing is an outgrowth of this concern. *Id.* at 493.

To establish standing, a plaintiff must show: an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; the injury is fairly traceable to the challenged action of the defendant; and it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The latter two elements, traceability and redressability, require such similar inquiries that they are often considered to be "two sides of a causation coin." *Dynalantic Corp. v. Dep't of Defense*, 115 F.3d 1012, 1017 (D.C. Cir. 1997). A plaintiff bears the burden of establishing that he has standing for each type of relief sought. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983).

In addition, the Court acknowledges the liberal construction afforded to *pro se* complaints. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro*

*se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

Plaintiff alleges 36 C.F.R. § 60.15 provides the grounds for his lawsuit, as it sets forth the requirements for removing properties—that is, delisting properties—listed in the National Register of Historic Places (the "National Register"). (Am. Compl. ¶¶ 4–5.) Construing his Amended Complaint liberally as this Court must, it appears to the Court that Plaintiff's claim arises under the National Historic Preservation Act of 1966 (the "Act"), 54 U.S.C. § 300101 *et seq.* (as amended). Under this Act, historic property meeting certain requirements may be designated for protection and preservation by virtue of inclusion on the National Register. *See* §§ 300308, 300311, 300315(1).

Defendant's principal contention is that Plaintiff lacks standing to bring his lawsuit. Defendant avers that Plaintiff fails to allege he will suffer any harm to his own legal interests if the statue is removed. (Def.'s Mem. Opp'n at 4, ECF No. 16.) Although Defendant is correct that the party invoking federal jurisdiction bears the burden of establishing an "invasion of [his] legally protected interest," *see Lujan*, 504 U.S. at 560, at least one federal court of appeals has interpreted this requirement to extend to any "cognizable interest." *See Sierra Club v. Jewell*, 764 F.3d 1, 6 (D.C. Cir. 2014) (involving a challenge to the delisting of a battlefield from the National Register).

In *Jewell*, the court found that a plaintiff would suffer an injury in fact if the property listed on the National Register—property to which the plaintiff had no legal

3

entitlement—were delisted and physically altered such that the plaintiff could no longer observe, study, or appreciate the property. *See id.* at 5 ("The Supreme Court [of the United States] has recognized that harm to 'the mere esthetic interests of the plaintiff . . . will suffice' to establish a concrete and particularized injury." (quoting *Summers*, 555 U.S. at 494). Plaintiff's claim—with respect to the statue of Robert E. Lee on Monument Avenue—bears enough similarity to make this a close question. However, assuming without deciding that Plaintiff has satisfied the first element of standing, the Court finds that Plaintiff has nevertheless failed to satisfy the second and third elements of the standing inquiry.

Plaintiff must also show that his injury will be "fairly traceable" to the delisting of the Robert E. Lee statue from the National Register, as well as that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 120 S. Ct. 693, 180–81 (2000). The statue of Robert E. Lee was placed on the National Register on January 5, 2007, and thus enjoys a protected status. *See* National Archives Catalog, *Virginia SP Lee, Robert E., Monument* (July 24, 2020), https://catalog.archives.gov/id/41683201. As Plaintiff contends, in order to remove property from the National Register, one of the following requirements must be met:

> (1) the property no longer meets the criteria for listing due to loss or destruction; (2) additional information shows that the property does not meet the eligibility criteria; (3) errors in professional judgment were made regarding eligibility; or (4) there was prejudicial procedural error in the nomination or listing process.

4

*See Moody Hill Farms Ltd. P'ship v. United States Dep't of the Interior, Nat'l Park Serv.*, 205 F.3d 554, 560 (2d Cir. 1999) (quoting 36 C.F.R. § 60.15).

Canvassing the Act and its regulations, though, it appears to this Court that simply listing a property on the National Register does not necessarily prohibit the property owner from making physical changes to the property, the latter being the relief Plaintiff seeks. *See* 36 C.F.R. § 60.2 ("Listing of private property on the National Register does not prohibit under Federal law or regulation any actions which may otherwise be taken by the property owner with respect to the property."). *But see* 36 C.F.R. § 60.14(b)(1) ("Properties listed in the National Register should be moved only when there is no feasible alternative for preservation. When a property is moved, every effort should be made to reestablish its historic orientation, immediate setting, and general environment."). The exception to this paradigm arises where the property is involved in a project that receives federal funding, licensing, or permitting—which Plaintiff has not alleged here. *See* 54 U.S.C. § 306108.

Apart from citing 36 C.F.R. § 60.15 itself, Plaintiff has also failed to direct this Court to any further authority, such as a state or local law, that would afford additional protections to properties listed in the National Register.[1] *See, e.g., Jewell*, 764 F.3d at 8

---

[1] Although—at the time of the filing of Plaintiff's lawsuit—various Virginia and local laws prohibited the removal of certain confederate statues throughout the state, new legislation was enacted by the Virginia General Assembly this year, and that legislation became effective on July 1, 2020, permitting such removal. *See* S. Res. 183, 2020 Gen. Assemb., Reg. Sess. (Va. 2020) (codified at Va. Code Ann. § 15.2-1812.1); H. Res. 1537, 2020 Gen. Assemb., Reg. Sess. (Va. 2020) (codified at Va. Code Ann. § 15.2-1812.1); *see also* Va. Code Ann. § 15.2-1812 (repealed 2020). However, none of these laws specifically provided protection to these monuments by virtue of their listings in the National Register. As such, these laws are immaterial to the Court's determination of the second and third elements.

("[E]ven if surface mining could continue upon a relisting of the Battlefield, West Virginia law affords additional protections to places listed in the Register." (citing W. Va. Code R. § 38-2-3-17.c (revised 2018)). Therefore, not only is delisting the statue causally distinct from Defendant's alleged conduct, but also, even if Plaintiff received a favorable decision from this Court—thus preventing the statue from being delisted—it is not clear that such a decision would prevent Defendant from physically removing the statue from Monument Avenue. Thus, because Plaintiff bears the burden of proof and persuasion as to the existence of standing, *see Lujan*, 504 U.S. at 561, the Court finds that Plaintiff has failed to establish the requisite elements to confer standing in this case.[2]

Even if Plaintiff had standing to bring this lawsuit, Plaintiff has also failed to show that the Act provides a private right of action. *See Campbell ex rel. Equity Units Holders v. Am. Int'l Grp., Inc.*, 86 F. Supp. 3d 464, 471 (E.D. Va. 2015) ("[Plaintiff] must show that Congress has displayed 'an intent to create not just a private right but also a private remedy.'" (quoting *Alexander v. Sandoval*, 532 U.S. 275, 288–91 (2001))), *aff'd*, 616 F. App'x 74 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 1467 (2016). Other challenges of this sort have arisen pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706 *et*

---

[2] Although Plaintiff expressly cites only 36 C.F.R. § 60.15 in his Amended Complaint, the Court acknowledges that Plaintiff's intent is clear: Plaintiff seeks to enjoin Governor Northam from *physically* removing the Robert E. Lee statue from its place on Monument Avenue. *Contra Laber*, 438 F.3d at 413 n.3 ("[O]ur task is not to discern the unexpressed intent of the plaintiff."). Nevertheless, this Court believes it too much to construe Plaintiff's citation of 36 C.F.R. § 60.15—indeed, the entirety of the grounds alleged by Plaintiff permitting this Court to exercise jurisdiction—as a mere scrivener's error, and to substitute 36 C.F.R. § 60.14 in its place. However, even if this Court did so and doing so was sufficient to confer standing upon Plaintiff, the fact remains that Plaintiff's Amended Complaint contains other fatal deficiencies.

*seq.*—not solely under the National Historic Preservation Act—and have challenged agency action. *See, e.g., Monumental Task Comm., Inc. v. Foxx*, 157 F. Supp. 3d 573, 585 (E.D. La. 2016) (proceeding pursuant to the APA), *aff'd sub. nom., Monumental Task Comm., Inc. v. Chao*, 678 F. App'x 250 (5th Cir. 2017) (mem.); *Sierra Club v. Salazar*, 894 F. Supp. 2d 97, 101 (D.D.C. 2012) (proceeding pursuant to the APA), *rev'd sub. nom. on other grounds, Sierra Club v. Jewell*, 764 F.3d 1 (D.C. Cir. 2014); *San Carlos Apache Tribe v. United States*, 417 F.3d 1091, 1099 (9th Cir. 2005) (finding that the Act contains no private right of action); *Pye v. United States*, 269 F.3d 459, 464 (4th Cir. 2001) (proceeding pursuant to the APA). Although the Court is mindful that Plaintiff is proceeding *pro se*, Plaintiff's failure to bring this claim under the APA is not an error this Court can overlook. *See Beaudett*, 775 F.2d at 1276 ("[D]istrict courts [cannot] be required to conjure up and decide issues never fairly presented to them.").

Accordingly, as the Court finds that the Act does not provide a private right of action, the matter cannot proceed in its present form. As a result, Plaintiff's Motion will be denied as moot (ECF No. 12), and Plaintiff's Amended Complaint will be dismissed (ECF No. 10).

An appropriate Order will accompany this Memorandum Opinion.

_____/s/_____
Henry E. Hudson
Senior United States District Judge

Date: July 24, 2020
Richmond, VA

7